Greeves, Price & Roethler, P.L.C.
BY: Glenn W. Roethler, SBA #025721
2151 E. Broadway Rd., Ste 116
Tempe, Arizona 85282
PHONE (480) 345-810      FAX (480) 345-8134

Attorney for Debtor


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In chapter 13 |
| | ) | |
| Tukia, Sione and Peti | ) | No. 2:09-BK-26639 |
| | ) | |
| | ) | **CHAPTER 13 PLAN AND** |
| Debtors. | ) | **APPLICATION FOR PAYMENT** |
| | ) | **OF ADMINISTRATIVE EXPENSES** |

**CREDITORS SHALL BE PROVIDED FOR AND PAID FOR AS STATED IN THIS PLAN REGARDLESS OF THE SECURED AMOUNT STATED IN A PROOF OF CLAIM. IF A SECURED CREDITOR DOES NOT FILE A TIMELY OBJECTION TO CONFIRMATION OF THE PLAN, THEN IT IS DEEMED TO HAVE ACCEPTED TREATMENT OF ITS CLAIM UNDER THE PLAN AND THE AMOUNT PAID ON THE SECURED CLAIM. 11 U.S.C. SECTION 1325(a)(5)(A). CONFIRMATION OF THE PLAN BINDS ALL CLAIMANTS TO TREATMENT OF THE CLAIMS AS PROVIDED FOR IN THIS PLAN. THE BINDING EFFECT IS REGARDLESS OF ANY PROOF OF CLAIM WHICH MAY BE FILED.**

**IF A CREDITOR FAILS TO FILE A SECURED CLAIM BEFORE CONFIRMATION OR FILES A WHOLLY UNSECURED CLAIM, THE DEBTOR(S) MAY DELETE THE PROPOSED PAYMENT OF A SECURED CLAIM IN A THE ORDER CONFIRMING THE PLAN WITH NO ADDITIONAL NOTICE. IF A CREDITOR FILES A SECURED CLAIM IN AN AMOUNT LESS THAN THAT PROPOSED IN THE PLAN, THEN THE SECURED CLAIM WILL BE THE AMOUNT PAID PURSUANT TO THE CLAIM.**

**NEITHER THIS PLAN NOR THE ORDER CONFIRMING SHALL CONSTITUTE AN INFORMAL PROOF OF CLAIM FOR ANY CREDITOR.**

Debtor proposes the following chapter 13 Plan pursuant to 11 U.S.C. Section 1325:

## I. PROPERTY AND FUTURE EARNINGS.

1. Debtor submits the following property and wages to the supervision and control of the Trustee:

   a.     Future disposable income as follows:
   **$378.00** per month for months 1 through 18 = **$6,804**
   **$496.00** per month for months 19 through 58 = **$19,840**

Plan yield will be **$26,644**; payment is due on the 18th day of each month, commencing **November 18th**.

DEBTOR IS TO MAKE HIS/HER MONTHLY PLAN PAYMENTS IN THE FORM OF A CASHIER'S CHECK OR MONEY ORDER PAYABLE TO THE CHAPTER 13 TRUSTEE OR BY PAYROLL DEDUCTION. DEBTOR IS INSTRUCTED TO WRITE HIS/HER NAME AND CHAPTER 13 CASE NUMBER ON EACH CHECK OR MONEY ORDER.

   b. if additional property is submitted to the Trustee, excepting property obtained by the trustee, it shall be treated as advance payment.

## II. DURATION OF PLAN.

Debtor shall make monthly payments to the Trustee for a period of **Fifty-Eight (58)** months from the date of first payment. If at any time before the end of this period all claims are paid, the plan shall terminate and the debtor shall be discharged.

## III.     APPLICATION FOR ADMINISTRATIVE EXPENSES

Trustee's fees and costs shall be paid as a percentage of each plan payment received by the trustee, to be periodically fixed by the U.S. Attorney General pursuant to 28 U.S.C. Section 586(e), but not to exceed **ten (10)** percent.

Attorney for debtor herein applies for compensation for administrative expenses. Estimated attorney's fees are based on the standard hourly rate of **$200.00** per hour for attorney time and **$75.00** per hour for paralegal time. Pursuant to the Local Rules of Bankruptcy Procedure, the ESTIMATED compensation to be disclosed is **a minimum retainer of $3274.00** of which **$1800.00** has already been paid. The Plan provides for payment of the remaining **$1474.00 to be paid as a priority administrative claim by the trustee to debtor's attorney**. The fee represents ESTIMATED payment of the ANTICIPATED attorney's fees AND COSTS associated with the filing of the debtor's bankruptcy proceeding, including preparation and filing of a Petition, Schedules A, B, C, D, E, F, G, H, I and J, Statement of Financial Affairs, mailing matrix, Chapter 13 plan, Plan analysis, Order confirming plan, noticing of plan by mail, letter response to Trustee's Evaluation of Plan, representation of client at Section 341 hearing, costs and advising the debtor as issues arise.

FEES STATED HEREIN ARE ESTIMATED AND ARE SUBJECT TO INCREASE BASED

ON ATTORNEY AND/OR PARALEGAL TIME SPEND ON THIS CASE. SHOULD THE FEES EXCEED THE AMOUNT STATED HEREIN, ATTORNEY WILL FILE AND NOTICE A SEPARATE FEE APPLICATION.

The fees paid under the Plan will NOT include the following:
correspondence and negotiation with creditors and trustee in excess of 2 hours, objections to proof of claims, motions to avoid liens and security interests where appropriate, conversion of the case to a different chapter, ALL additional hearings, amendments, motions for moratoriums, motions to modify the Plan, motions to approve post-petition debts, motions to sell estate property, representation of clients in a contested matter including, but not limited to, motions to lift the automatic stay, objections to discharge and motions to dismiss, whether filed by the trustee or otherwise. Fees for these services will be billed at attorney's above-stated hourly rate, billed in hours and tenths of hours.

The following ESTIMATED amounts are to be paid for administrative expenses:

| | |
|---|---|
| a. Trustee's admin. expenses (10% maximum) | $2678.00 |
| b. Debtors' Attorney's Fees/Costs | $1474.00 |
| TOTAL ADMINISTRATIVE EXPENSES | $4152.00 |

**In the event that this case is dismissed prior to confirmation, the trustee is authorized and directed to pay administrative expenses from funds in the trustee's possession.**

## IV. CLASSIFICATION AND TREATMENT OF CLAIMS.

The claims shall be classified and paid in the order listed below:

1.      Administrative expenses as specified above.

2.      Claims secured only by real estate constituting the debtors' principal residence dealt with in the plan on which the last payment is due after the date on which the final payment under the plan is due:

A.      First, the trustee is directed to pay pre-petition secured real property tax debts of **$1,067.85** to the **Maricopa County Treasurer, Correspondence Desk, Maricopa County Treasurer, 301 West Jefferson Room 100, Phoenix, AZ 85003-2199.** Said claim is to be paid with interest at the statutory rate of 16% per-annum.

B.      Second, the trustee is directed to pay pre-petition arrearage, late charges and fees of **$14,978.93 (or such other amount as may be stated in a secured proof of claim)** to the holder of the 1st mortgage on the Debtor's residence, **U.S. Bank Home Mortgage, 3121 Michaelson Dr, Irving CA 92612.** Said claim is to be paid without interest regardless of any proof of claim provisions.

C.      Debtors will pay all future monthly mortgage payments directly to the mortgage holder, commencing with the **November 1, 2009** payment.

D.    Homeowner's insurance and current property taxes to protect lienholder(s) will be paid by the debtors and the debtors have budgeted for these amounts in the schedules and they will be current after Debtors have paid the secured property taxes through the plan.

E.    Debtors have budgeted for payment of monthly mortgage payments of $1,682.00 in the Chapter 13 Budget.

F.    **NOTICE: DEBTORS MAY MARKET AND SELL THE RESIDENCE WITHOUT FURTHER ORDER OF THIS COURT, AND MAY HIRE REAL ESTATE PROFESSIONALS TO ASSIST IN MARKETING THE PROPERTY, AND MAY PAY SAID PROFESSIONALS OUT OF THE PROCEEDS FROM THE SALE, SUBJECT TO COURT APPROVAL.**

**G. PURSUANT TO A.R.S. TITLE 33, SECTION 1101, IN THE EVENT THE PROPERTY IS SOLD, DEBTORS' PORTION OR SHARE OF THE PROCEEDS FROM THE SALE OF DEBTOR'S HOMESTEADED PROPERTY MAY BE USED IN ANY MANNER, MAY BE TRANSFERRED, ENCUMBERED, OR SOLD WITHOUT FURTHER ORDER OF THIS COURT UPON THE TRUSTEE'S APPROVAL. ANY AMOUNT OVER THE $150,000 HOMESTEAD EQUITY, IF ANY, WILL BE PAID TO TRUSTEE FOR THE BENEFIT OF CREDITORS.**

H.    Pursuant to Local Rules, debtors estimate that the value of their residence is **$234,000.00**, less liens and encumbrances. Method of valuation: Debtors' estimate based on Zillow.com high and low values averaged.

3.    Domestic Support Obligations: NONE.

4.    Claims secured only by real estate constituting debtor's principal    residence, which have fully matured prior to the filing of the Chapter 13 Plan: NONE.

5.    Claims secured by personal property:

A.    After payment of the above-listed debts, the following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property securing their claim as stated (or as adjusted by court at the confirmation hearing), plus interest at the rate specified (or as adjusted by the court at the confirmation hearing). **Upon PAYMENT OF THE SECURED AMOUNT, the security interest for each respective vehicle shall IMMEDIATELY AND WITHOUT DELAY be released and any keys and/or titles held by the creditor shall be provided to the Debtor.**

Pursuant to local Rules, all values are based upon the Kelly Bluebook values where such values are available:

| Creditor/Security | Balance or Value of Security | Interest Rate | Sec./Unsec. |
|---|---|---|---|

NONE

6.    Other secured claims dealt with in the plan:

A.  Debtors shall surrender the **2004 Ford Mustang** in full satisfaction of the Secured Claim to **Wachovia Dealer Services, PO Box 1697, Winterville, SC, 28590** with any unsecured deficiency balance to be paid pursuant to paragraph 8 of the Plan.

B.  Debtors shall surrender the real property located at **2042 W. Riviera Dr., Tempe, AZ 85282** in full satisfaction of the Secured Claim to **American Home Mortgage Services, 4600 Regent Blvd Ste 200, Irving, TX, 75063** with any unsecured deficiency balance to be paid pursuant to paragraph 8 of the Plan.

7.    Taxes and Tax Penalties:    Debtors declare:

**XXX Yes, pursuant to Local Rules, Debtors state that they have filed all state and Federal income tax returns which are due as of the date of filing this plan.**

The following priority tax claims shall be classified and paid at 100% of the allowed proof of claim, without post-petition interest:  (a) taxes on which returns (if required) were due within three years before commencement of this case; (b) taxes assessed within 240 days prior to the commencement of this case; (c) tax for which returns were not filed, or were filed late, within two years before the commencement of this case:

| Agency | Balance or Value of Taxes | Unsecured |
|---|---|---|
| **Internal Revenue** PO Box 21126 Philadelphia, PA 19114 | $5331-Priority[1] | $0[2] |

The Debtor agrees to keep current the filing of all required post-petition Arizona tax returns, as well as making all payments due on such returns.

8.    Unsecured claims dealt with in the plan:

All other claims shall be classified as unsecured.  Unsecured claims shall be paid the balance of payments under the plan, pro rata.  Said amount may be

---

1   May be changed by timely proof of claim to which no objection is filed
2   See footnote 1.

increased and or decreased should the secured and/or priority liabilities and/or attorney fees differ from that estimated. Any amounts unpaid shall be discharged.

## IV.   OTHER PROVISIONS

1.   **VESTING OF PROPERTY**--Property of the estate shall vest in the debtors upon confirmation of the plan. The debtors may use the re-vested property in any manner, or may sell the property, without further order of this court.

2.   **EXECUTORY CONTRACTS**--Debtors elect not to assume the leases or contracts with the **creditors** named in this paragraph and shall surrender to such creditor the collateral subject to the lien or lease in full satisfaction of any and all claims, secured or unsecured, arising from the transaction. Debtors hereby assume all leases not specifically rejected hereunder. NONE ARE LISTED.

3.   **EFFECTIVE DATE OF PLAN**--The effective date of the plan shall be the date of the Order Confirming the Plan. With respect to pre-petition claims, the automatic stay of 11 U.S.C. Section 362 will remain in full force and effect on all real and personal property of the debtor until the discharge granted under 11 U.S.C. Section 1328 is granted, or until the dismissal of this proceeding. This provision does NOT apply to the collection of post-petition tax debts.

4.   **PLAN ANALYSIS**--Pursuant to Local Rules, Debtor attaches hereto a Plan Analysis, Form 13-2. Said plan analysis is not a guarantee of payment of a particular amount and to the extent that it is inconsistent with this plan, the terms contained in the plan control.

Debtors declare the foregoing statements in their Chapter 13 Plan to be true and correct under penalty of perjury.

Dated this 2nd day of November, 2009.

/s/ Sione Tukia                        /s/Peti Tukia
Debtor                                    Joint Debtor


/s/Glenn W. Roethler, SBA # 025721
Attorney for Debtor

# CHAPTER 13
## PLAN ANALYSIS*

Debtor: Tukia, Sione and Peti

Case No. 2:09-bk-26639

Estimated Length of Plan _58_ months.
_____TOTAL DEBT AND ADMINISTRATIVE EXPENSES
PROVIDED FOR UNDER THE PLAN

## I. THE CHAPTER 13 PLAN:

A.    TOTAL PRIORITY CLAIMS
| | | | |
|---|---|---|---|
| 1. | Unpaid attorney's fees/costs:..................................................... | $ 1,474.00[1] |
| 2. | Federal Taxes ........................................................................... | $ 5,331.00 |
| 3. | State Taxes................................................................................ | $ 0.00 |
| 4. | Child Support and Alimony........................................................ | $ 0.00 |
| 5. | Court Fees................................................................................. | $ 0.00 |

B1.  TOTAL OF PAYMENTS TO CURE DEFAULT.(MTG)............................$ 0.00
C.     TOTAL OF PAYMENTS ON SECURED CLAIMS ...........................$14,978.93
C2.   TOTAL OF PAYMENTS ON SECURED TAX CLAIMS ....................$ 1,067.85
D.    ESTIMATED INTEREST ON SECURED CLAIMS............................$ 95.00
E.    TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS$.....$ 1,033.22
F.    SUB-TOTAL ........................................................................$24,211.78
G.    TOTAL TRUSTEE'S COMPENSATION (10% maximum)....................$ 2,664.00
H.    TOTAL DEBT AND ADMINISTRATIVE EXPENSES .........................$26,644.00

_____

## II. RECONCILIATION WITH CHAPTER 7

| | | |
|---|---|---|
| A. | Value of debtor(s) interest in non-exempt property ................................................................ | $ 675.00 |
| B. | Plus: value of property recoverable under avoiding powers ...................................................... | $ 0.00 |
| C. | Less: estimated Chapter 7 administrative expenses .......................................................................... | $ 168.75 |
| D. | Less: amounts payable to priority creditors other than costs of administration ............................... | $ 5,331.00 |
| 5. | Equals: estimated amount payable to general unsecured creditors if Chapter 7 filed (if negative, enter zero) ........................................ | $ 0.00 |
| E. | ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 .......................................... | $ 0.00 |
| F. | ESTIMATED DIVIDEND UNDER PLAN ............................... | $ 1,033.22 |

*If there are discrepancies between the plan and the plan analysis, the provisions of the CHAPTER 13 PLAN control.

_____

[1]Estimated amount. If the total fees exceed amount stated herein, a separate fee application will be filed and noticed.